363 P.2d 581

Vincent **RACKERS**, Appellant,

v.

James H. **NICHOLSON** and N. W. B. Realty, Inc., an Arizona corporation, Appellees.

No. 6851.

Supreme Court of Arizona.

En Banc.

July 7, 1961.

Lewis, Roca, Scoville, Beauchamp & Linton, and Joseph E. McGarry, Phoenix, for appellant.

Rawlins, Davis, Christy, Kleinman & Burrus, by William G. Christy, Phoenix, for appellees.

UDALL, Justice.

Appellant brought suit to foreclose a mechanic's and materialman's lien on real property which was the principal asset of the estate of certain bankrupts being under the jurisdiction of the bankruptcy court at the time appellant performed the work upon which he claims this lien. The matter was submitted on an agreed or stipulated set of facts. The trial court gave judgment for the defendants. This appeal is from that judgment.

From the stipulated facts it appears that in the fall of 1956, William R. Nelson and wife, owners and operators of the "Outpost", a nightclub in the Phoenix area, took bankruptcy. Neal T. Roberts was appointed trustee in bankruptcy by the bankruptcy court. On the 4th day of December 1956 the trustee petitioned the District Court for permission to sell the Outpost, and on the same day the referee in bankruptcy gave notice of a special meeting of creditors to, inter alia, consider the sale. The referee entered an order on the same day authorizing the taking of bids at public or private sale.

After due notice, bids were received by the trustee and on December 22, 1956, the referee directed the sale of the property to Belmont Realty and Security Corporation for $25,000 free and clear of all liens and encumbrances except a mortgage held by one Fry. Belmont Realty was represented in the proceedings by on Hussey. On January 4, 1957 the trustee and Hussey entered into an agreement regarding possession and operation of the Outpost for the purpose of preserving the assets until the sale was completed, which agreement was confirmed by the referee on January 7, 1957. Among other provisions of the agreement it was provided that Hussey should obtain only possession and that he would be responsible for all bills, expenses, liabilities and obligations of every kind and that he should hold the trustee harmless from all debts, expenses, liabilities and obligations assumed by him. Fixed expenses such as taxes and insurance were to be paid by the trustee. All other expenses were to be borne by Hussey who in turn was to receive free and clear all income during his possession.

On January 8, 1957 Hussey employed the appellant to repaint and redecorate the Outpost. The work was completed January 30th. The work was done with actual notice that the property was subject to the jurisdiction of the bankruptcy court and that the order directing sale free and clear of all liens with the claims of each being transferred to the proceeds of the sale had been entered. On March 18th appellant petitioned the bankruptcy court praying that his claim for said labor and materials be paid by the trustee as a preferred claim on the alleged ground that the work and materials were necessary for the preservation of the property. His petition further prayed permission to record and perfect a mechanic's and materialman's lien on the property. The bankruptcy court made an order granting appellant leave to record and perfect his lien which he did forthwith.

On April 22d the bankruptcy court signed an order designated "Amended Order Confirming Sale," authorizing transfer of the property in question free and clear of all liens without naming the transferees. The following day the trustee executed a trustee's deed to appellee Nicholson, who had bid the sum of $25,000, free and clear of all liens except the Fry mortgage. Subsequently, appellee Nicholson transferred his interest to N. W. B. Realty. Appellant had no notice of the bankruptcy court's amended order confirming sale or of the sale to Nicholson.

The question here is a novel one but we think it is controlled by principles which are not novel. The question relates to the status of a lien perfected after the property is in the exclusive jurisdiction of the bankruptcy court and for work also done after the property was in the hands of the trustee in bankruptcy. We think that where such

lien was recorded and perfected with the permission of the bankruptcy court it has essentially the same status as a lien recorded and perfected before the acquisition of jurisdiction over the property by the court. The permission of the bankruptcy court removes the only barrier to filing a valid lien under state law, that barrier being the exclusive jurisdiction of the bankruptcy court.

Thus we are brought immediately to the question of the effect on this lien of the bankruptcy court's order directing sale free and clear of all liens. If that order was binding on appellant it is res judicata leaving the state court helpless to enforce the lien.

■ There can be no question that appellant was subject to the jurisdiction of the bankruptcy court having submitted himself thereto by his own petition. There is likewise no question that the bankruptcy court has power to sell the bankrupt's property free and clear of all liens. See, e. g., Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256. See also 6 Remington on Bankruptcy § 2577 and cases there cited. Again it is clear that once the property is sold free and clear of liens and the liens are transferred to the sale proceeds the lienholders cannot thereafter assert any rights against the property.

Jones v. Springer, 226 U.S. 148, 33 S.Ct. 64, 57 L.Ed. 161; 6 Remington on Bankruptcy §§ 2596 and 2599. This latter rule arises for the simple reason that the order constitutes a judgment which is not subject to collateral attack (Robertson v. Howard, 229 U.S. 254, 33 S.Ct. 854, 57 L.Ed. 1174) unless it affirmatively appears from the record that the bankruptcy court lacked jurisdiction. Regoli v. Fancher, 1 Cal.2d 276, 34 P.2d 477; see, also, Carnahan v. Carnahan, 79 Ariz. 371, 290 P.2d 729, 55 A.L.R.2d 1258; Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435.

■ As we have already noted, the bankruptcy court had jurisdiction over appellant by virtue of his own petition to that court in connection with the assets being administered by the court. It is not disputed that the court had jurisdiction over the property here in question at all relevant times. The only challenge on this point is appellant's claim that he had no notice of the confirmation of the sale or the fact that it was sold to appellee Nicholson. It is true that the general rule requires that lienholders be given notice before property can be sold free and clear of liens by the bankruptcy court. In re Reading Hat Mfg. Co., D.C., 224 F. 786; In re Platteville Foundry & Mach. Co., D.C., 147 F. 828. However, notice need only be given of the order directing that the sale is to be made

free and clear of liens transferri ig all lien claims to the proceeds and the time to object to sale in that manner is before the sale. Miller v. McKenzie, 217 Cal. 389, 19 P.2d 1. No notice is required to confirm the sale consummated under authoi ity of a valid order directing sale free and clear of all liens and encumbrances. Allen v. Union Transfer Co., 10 Cir., 152 F.2d 633; In re Nevada-Utah Mines & Smelters Corp., D.C., 198 F. 497.

In the instant case appellant had notice of the order directing sale free and clear of all liens except the Fry mortgage which was specifically excepted. He in fact knew this before he completed his work and before he filed his lien claim. It became his duty to protect his interests, if any, in the bankruptcy court by asserting his interests against the proceeds of the sale. That he did not receive notice of the actual sale and to whom, cannot alter his rights. He was bound to protect his interests once he knew by order of the proper court they would be cut off unless he asserted them in the bankruptcy court against the proceeds of the sale once consummated.

It has been argued that the lien itself was faulty. In view of what we have said above, this issue would have been appropriate at the hearing for distribution of the proceeds of the sale but not in the state ceurt.

For the foregoing reasons the judgment of the trial court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD, J., concurring.

NOTE: JENNINGS, J., having been the trial judge, did not participate in the determination of this appeal.