643 P.2d 704

I. Harrison LEVY, Plaintiff-Appellee,

v.

ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,
Defendant-Appellant.

No. 15831.

Supreme Court of Arizona,
In Banc.

April 6, 1982.

Levy, Mason, Spector & Sherwood, P. A.
by I. Harrison Levy, Phoenix, for plaintiff-
appellee.

Robert K. Corbin, Atty. Gen. by James A.
Tucker, Asst. Atty. Gen., Phoenix, for de-
fendant-appellant.

CAMERON, Justice.

This action was commenced in the Superi-
or Court pursuant to former A.R.S. § 12–
904[1] by appellee, Mr. I. Harrison Levy, to
review a decision of the Arizona Depart-
ment of Economic Security (DES). The
DES held that Levy had acquired the or-
ganization, trade or business, or substantial-
ly all of the assets of Coronado Inns, Inc.,
and was therefore liable for past due unem-
ployment insurance taxes pursuant to
A.R.S. § 23–733. The Maricopa County Su-
perior Court reversed the agency's decision
and ruled that Levy was not liable for the
unpaid taxes of his predecessor, and the
DES appealed. We have jurisdiction of this
appeal by transfer from the Court of Ap-
peals pursuant to Rule 19(e), Arizona Rules
of Civil Appellate Procedure, 17A A.R.S.

The issues we must resolve on appeal are:

1. Did appellee acquire the organization,
   trade or business, or substantially all
   of the assets of Coronado Inns, Inc.

---

**1.** This statute has been repealed and review of
decisions of the Unemployment Insurance Ap-

peals Board now goes directly to the Court of
Appeals pursuant to A.R.S. § 41–1993.

within the meaning of A.R.S. § 23–733(D)?

2. Is the deed of trust executed by Mr. Levy and the Mays entitled to a priority which extinguishes the lien held by DES?

3. Did Coronado Inns, Inc. have any value when it was purchased by Mr. Levy?

The facts necessary to a determination of this appeal are as follows. On 1 June 1960, the appellee, I. Harrison Levy, purchased the Coronado Motel in Nogales, Arizona. Levy operated the motel through a manager, and the restaurant on the premises was leased to a corporation. On 10 July 1974, Levy sold the property to Charles and Tommie May. A deed of trust was executed by the Mays, the trustors-purchasers, to secure the purchase from Levy, the seller and beneficiary under the trust deed. With Levy's consent, the Mays formed a corporation, Coronado Inns, Inc., to operate the motel. Coronado Inns, Inc. ran into financial difficulties. From July 1974 to March 1976, it made no contribution to the unemployment compensation fund as required by A.R.S. § 23–601 et seq. Payments on the deed of trust ceased in April, 1976, and in September or October, 1976, Coronado Inns, Inc. stopped paying its employees.

On 22 October 1976, Mr. Levy purchased the property at a public trustee's sale. A second sale was held on 1 March 1977 to cure defects of the first sale, and Mr. Levy obtained a valid deed to the property. His affidavit regarding the time he took over states that:

"On the morning of October 22, 1976 I attended a public auction in front of the courthouse in the City of Nogales, Santa Cruz County, Arizona at which I bid $215,000 for real property known as the Coronado Motel in Nogales. The Trustee conducting that sale accepted my bid and delivered to me its Trustee's Deed for the property. That same afternoon I visited the property, accompanied by a man whom I had selected to act as my resident manager of the property. This man had several years of motel experience but had never worked or lived in Nogales. We found six or seven persons on the property who claimed to have been employed by Coronado Inns, Inc., an Arizona corporation, and to have received no pay or no communication from the corporation within the past three weeks. * * * I established new pay scales at a substantially higher level than the pay maintained by the corporation and my manager proceeded to hire three or four of the persons who had been on the property when we arrived and an additional number of persons which varied from time to time between 10 and 20 employees. The hours and duties assigned by my manager to those persons who claimed to have been former employees of the corporation differed from the hours and duties those persons claimed they had been assigned by the corporation.

"My manager promptly reported to me that he could not obtain supplies to operate the business because the corporation had ceased paying its bills some time ago. I corrected this situation by informing major suppliers and the bank in Nogales that I had purchased the property and intended to run and be responsible for a business thereon."

The motel never ceased doing business, but continued under its new management under the name Coronado Inns. At this time, liability to the unemployment compensation fund by Coronado Inns, Inc. was in the amount of $4203.92. The DES, in Administrative Decision Case No. ADXT–740, found that Levy had acquired the organization, trade or business, or substantially all of the assets of Coronado Inns, Inc. and that he was therefore liable for the unpaid taxes pursuant to A.R.S. § 23–733(D). Levy sought reversal in the Superior Court pursuant to the Administrative Review Act, A.R.S. § 12–901 et seq. The Superior Court reversed, ruling as a matter of law that Levy had not acquired substantially all of the organization, trade or business of Coronado Inns, Inc. DES appeals.

## DID APPELLEE ACQUIRE CORONADO INNS, INC.?

DES contends that appellee is liable for taxes accrued by Coronado Inns, Inc. when

it was held by the Mays. DES bases its claim on A.R.S. § 23-733(D), which holds liable for unpaid unemployment taxes any individual or organization which acquires the organization, trade or business, or substantially all of the assets of an employer already subject to the act.

The facts in the instant case indicate that upon the purchase of Coronado Inns, Inc. in 1976, Mr. Levy took over operation of the motel. Although the conditions of employment and various aspects of the management changed, Levy continued a motel business at the same location, utilizing the furnishings and other property of Coronado Inns, Inc. The name of the motel was changed from Coronado Inns, Inc. to Coronado Inn. The business of renting motel rooms and operating the restaurant was never interrupted.

The purpose of the Arizona Employment Security Act, A.R.S. § 23-601 through § 23-799, is to alleviate the burdens of unemployment and to encourage stable employment. The Act is deemed to be remedial and is interpreted liberally to give effect to the legislature's purpose. *Beaman v. Westward Ho Hotel Co.*, 89 Ariz. 1, 357 P.2d 327 (1960); *Warehouse Indemnity Corp. v. Arizona Dept. of Economic Security*, 128 Ariz. 504, 627 P.2d 235 (App.1981); A.R.S. § 23-601. It provides that employers subject to the Act make contributions to an employment compensation fund, at a rate determined by the frequency of involuntary unemployment occurring in their particular business. A.R.S. § 23-728 through 23-731. The statute further provides that the account of an employer is transferred to its successor for purposes of rate determination and collection of liabilities incurred by the predecessor. A.R.S. § 23-733 states:

"D. Any individual or organization * * which in any manner acquires the organization, trade or business, or substantially all of the assets thereof, shall be liable, in an amount not to exceed the reasonable value, as determined by the department, of the organization, trade, business or assets acquired, for any contributions, interest and penalties due or accrued and unpaid by such predecessor employer; * * * *"

Various tests have been applied in different jurisdictions to determine whether and when a business or its assets have been "acquired" for purposes of the unemployment compensation statutes. See Annot., 4 A.L.R.2d 721 (1949); 22 A.L.R.2d 673 (1952). Whatever the test, courts will look to the substance rather than the form of the transaction in an attempt to apply the statute so as to effectuate its underlying purpose. *Warehouse Indemnity Corp. v. Arizona Dept. of Economic Security*, supra. Factors considered by reviewing courts include continuity of management, ownership, employees, or procedures, the amount and nature of assets transferred, change of identity, capacity to continue a similar business, and interruption of the business during the transfer. *Cornwall Industries, Inc. v. Maine Dept. of Manpower Affairs*, 351 A.2d 546 (Maine 1976).

In the instant case, we believe the facts support the finding by the DES that Levy took possession of the physical structure, furnishings and supplies of the motel and restaurant without any break in services to the public, and acquired "the organization, trade or business, or substantially all of the assets" of Coronado Inns, Inc. within the meaning of A.R.S. § 23-733(D), and is liable for the unpaid taxes to the unemployment compensation fund.

Levy, however, asserts that it is unreasonable to hold one party liable for taxes incurred by another. We disagree. The statute is structured to avoid risks of inadequate funding of the unemployment fund by imposing tax liability on the successor in interest of an employer. A.R.S. § 23-733(D) extends to "any individual or organization * * * which *in any manner* acquires" the business of another. (emphasis added) In view of the broad language of the statute and the interests the legislature has sought to protect, we do not find that it is unreasonable to require the successor in interest of a continuing business to be responsible for unpaid unemployment taxes.

## PRIORITY OF THE DEED OF TRUST

The Superior Court reversed the decision of the DES. Finding that a deed of trust was equivalent to a realty mortgage,

**4**

the judge ruled, as a matter of law, that A.R.S. § 23–733(E) precluded a finding that Levy was subject to A.R.S. § 23–733(D). A.R.S. § 23–733(E) states:

"The amount of liability of a successor employer for any contribution, interest, and penalties due or accrued and unpaid by his predecessor employer, shall be a lien against the property or assets so acquired which shall be prior to all other liens except prior recorded realty mortgages * * *."

Levy contends that a deed of trust qualifies as a prior recorded realty mortgage and that it therefore has priority, with the effect of extinguishing upon transfer all subsequent liens on the property. A.R.S. § 33–811(B). Were a deed of trust considered a mortgage, we might agree. The definition of a mortgage, however, expressly excludes a deed of trust. A mortgage is defined in A.R.S. § 33–702(A) as:

"Every transfer of an interest in real property, other than in trust, or a trust deed subject to the provisions of title 33, chapter 6.1, made only as a security for the performance of another act, is a mortgage * * *."

A deed of trust is not a mortgage and not entitled to the same priority as a mortgage. It is not entitled to priority over the lien of the DES, see A.R.S. § 33–801 et seq.; G. Lawyer, The Deed of Trust: Arizona's Alternative to the Real Property Mortgage, 15 Ariz.L.Rev. 194 (1973), and the liability for unemployment fund contributions was not extinguished by the sale.

It should be noted that Levy was the successor of the business not because he purchased the property at the sale and became the title holder, but because he took over the operation of the business. Even if the sale had been secured by a mortgage rather than a deed of trust, Levy would not have been relieved of his obligation to pay the amount due under the statute, A.R.S. § 23–733(D). It would only mean that there would be no lien on the property pursuant to A.R.S. § 23–733(E). As noted in section E:

"* * * The remedy provided by this section shall be in addition to all other exist-

ing remedies against the predecessor employer or his successor, and the lien against the successor may be foreclosed as in other civil action."

Levy, as we noted above, acquired the business of Coronado Inns, Inc. Whether the physical property was clear of any liens or not was immaterial; Levy was still liable for the delinquent unemployment taxes pursuant to A.R.S. § 23–733(D).

## VALUE OF PROPERTY

A.R.S. § 23–733(D) provides that the liability of an individual for the delinquent contributions of a predecessor employer is limited to "an amount not to exceed the reasonable value, as determined by the department, of the organization, trade, business or assets acquired." Levy contends that the assets of Coronado Inns, Inc. had no value and therefore are not taxable.

This question does not appear to have been raised before the DES and the DES did not make an explicit finding as to the reasonable value of the business. We do not believe this relieves Levy of the obligation to pay the unemployment taxes of his predecessor. The value was there and it was not contended otherwise until the issue was raised on appeal. The property was sold to the Mays on 10 July 1974 for $425,-000.00. Levy repurchased the property at trustee sale on 1 March 1977 for $215,-000.00. Sometime in 1977, Levy resold the property for an undisclosed sum. The record shows that at all times the motel was a going business, even if a losing one. From all of the facts, it would appear that the business had a value in excess of the amount owed for the unpaid unemployment taxes.

The decision of the Department of Economic Security is affirmed and the judgment of the trial court reversed.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.