690 P.2d 129

**BEE–GEE, INC., dba Tri City Honda, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Appellee.**

**No. 1–CA–UB 370.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 4, 1984.

Frederick F. Stannard, Scottsdale, for appellant.

Robert K. Corbin, Atty. Gen. by Robert S. Segelbaum, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Chief Judge.

The question raised in this appeal is whether a corporation which acquires substantially all of the assets of a trade or business in a bankruptcy sale is liable for its predecessor's unpaid unemployment insurance contributions.

The facts are not in material dispute. Apache East, Inc. (Apache East) operated a Honda motorcycle dealership in Mesa, Arizona. On July 24, 1981, it filed for bankruptcy under Chapter XI. On January 12, 1982, Apache East as a debtor-in-possession applied to the bankruptcy court for authorization to sell its assets "free and clear of liens." The bankruptcy court on January 20, 1982 issued its order "authorizing the sale of assets free and clear of liens." That order provided, in relevant part that:

[T]he debtor-in-possession ... is, authorized to sell its assets upon the terms set forth in the debtor's Application for Authorization of Sale Of Asset Free and Clear of Liens dated January 12, 1982, to the prospective buyers William T. Devito and Lloyd E. Goodwin free and clear of the liens of American Honda Motor Company and Borg Warner Acceptance Corporation with their liens to attach to the proceeds of sale ....

\* \* \* \* \* \*

IT IS FURTHER ORDERED that the debtor and debtor-in-possession be, and they hereby are, authorized to execute all such other and further documents as may be necessary to consummate the aforedescribed purchase transaction.

The order further provided that the sale would be made subject to certain conditions designed to protect the two secured creditors, Borg Warner Acceptance Corporation and American Honda Motor Company.

Pursuant to the bankruptcy court's order, William De Vito and Lloyd Goodwin, as buyers, entered into a purchase agreement with Apache East, as Sellers. The agreement, dated January 29, 1982, included the following provisions:

That [the seller] is desirous, pursuant to its authority from the bankruptcy court ... to sell all its assets ... to Buyers free and clear of any liens and encumbrances.

\* \* \* \* \* \*

Seller shall sell, transfer and deliver to Buyers, and Buyers shall purchase, at the closing date, free and clear of all liens, pledges, or encumbrances of any kind, Seller's existing business and assets ....

The buyers subsequently incorporated as Bee Gee, Inc. (Bee Gee) and continued to operate the motorcycle dealership under the name of Tri City Honda.

On July 8, 1982, the Arizona Department of Economic Security (DES) issued its Determination of Unemployment Insurance Liability in which it found that Bee Gee was a successor to a covered employer. As such, Bee Gee received the experience rating account of its predecessor, Apache East. It also determined that Bee Gee was liable for any unemployment insurance contributions remaining unpaid at the time Apache East filed for bankruptcy. This debt amounted to $4,585.40.

Bee Gee filed a request for reconsideration on July 20, 1982 which was denied. Bee Gee then sought a hearing before the Unemployment Insurance Appeals Board. The Board affirmed the DES decision. The Board's subsequent Decision Upon Review affirmed its initial determination. Bee Gee then filed a timely appeal with this court.

At the center of this dispute is A.R.S. § 23–733(D) which provides:

Any individual or organization ... which in any manner acquires the organization, trade or business, or substantially all of the assets thereof, shall be liable ... for any [unemployment insurance] contributions, interest and penalties due or accrued and unpaid by such predecessor employer ....

■ Bee Gee does not seriously dispute the Board's factual finding that it is a successor corporation to Apache East. Although in its brief Bee Gee includes as one of the issues: "Whether Bee Gee, Inc. in any manner succeeded to or acquired the organization, trade or business, or substantially all the assets of Apache East, Inc. and continued such organization, trade or business ...", it presents no facts or arguments to establish that DES or the Board erred when they determined that Bee Gee acquired the assets of Apache East and continued the operation of its business at the same location so as to qualify as a successor corporation under the statute. Bee Gee has thus waived this issue. We therefore start from the position that Bee Gee is a successor of Apache East. The question then presented is whether Bee Gee's purchase of the assets of its predecessor in a sale conducted under the auspices of the bankruptcy court relieves Bee Gee of its statutory liability as a successor corporation.

Bee Gee first contends that because the bankruptcy court ordered that Apache East's assets be sold "free and clear of liens", it is not liable for the taxes owed by its predecessor. This contention is based on the power of a bankruptcy court to order that property be sold free and clear of liens and encumbrances. *See Rackers v. Nicholson*, 89 Ariz. 397, 363 P.2d 581 (1961). Once the property is so sold, the liens are transferred to the sale proceeds and the lienholders thereafter cannot assert any claims against the property. *Id.*

In support of this proposition, Bee Gee cites *Forde v. Kee-Lox Manufacturing Co.*, 437 F.Supp. 631 (W.D.N.Y.1977), *aff'd on other grounds*, 584 F.2d 4 (2d Cir.1978), which held that a civil rights claim brought under Title VII was not transferable to a purchaser of the bankrupt's assets where the sale was made free and clear of liens, claims, encumbrances, demands and rights of creditors or any other person. 437 F.Supp. at 633. Similarly, in the case of *In re Prescott College*, 10 B.R. 316 (D.Ariz. 1981), the court's order provided that a sale would be *"subject only* to the first lien of Prescott Mortgage Trust." (Emphasis in original). *Id.* at 318. This order was interpreted by the court to mean that the sale was made free and clear of all liens including the county's tax liens.

■ We agree with Bee Gee that the bankruptcy court has the power to order sales free of all claims, liens, and encumbrances and that federal law in this area must control over conflicting state law provisions. The sale of a bankrupt's property is not free of liens and encumbrances, however, unless it is expressly so made. *In re Macklem*, 28 F.2d 417 (D.Md.1928); *Colliers on Bankruptcy*, 70.97 at 1133 (14th ed. 1978). The bankruptcy court may order that the property be sold free from certain liens, but subject to others. *Collier, supra* at 1142. The fact that the court has the power to order a sale of assets free from all liens, claims and encumbrances does not mean that it exercised that power. In our opinion, therefore, the outcome of this case turns upon two determinations: (1) the scope of the bankruptcy court's order and (2) the nature of the liability imposed by A.R.S. § 23–733(D).

The bankruptcy court issued its "Order Authorizing Sale of Assets, Free and Clear of Liens" which provided that the sale was to be "free and clear of the lien of American Honda Motor Company and Borg Warner Acceptance Corporation." The court's order, given its broadest interpretation, freed the assets sold from all *liens*. However, it did not purport to deal with claims against the debtor that were not actual liens on the property. For this reason we do not find that the more expansive language discussed in *Forde*, or *Prescott College*, to be dispositive. We must therefore consider the nature of the claim created by

A.R.S. § 23–733(D) to see if it falls within the scope of the bankruptcy court's order freeing the assets from all "liens."

DES maintains that it is not asserting a lien against the assets of the bankrupt; rather DES bases its claim on its statutory right to transfer the predecessor's tax liability to a successor corporation.

■ The remedies available to DES to collect unpaid unemployment insurance contributions under A.R.S. § 23–733 as against successor employers may take two avenues: (1) the imposition of personal liability against the successor employer under A.R.S. § 23–733(D); and (2) the imposition of a lien upon the assets acquired by the successor employer and foreclosure of that lien under A.R.S. § 23–733(E) [1]. It is now clear under *Levy v. Arizona Department of Economic Security*, 132 Ariz. 1, 643 P.2d 704 (1982) that these remedies are mutually exclusive and exist independently of each other. In *Levy*, the successor employer argued that a deed of trust imposed upon the property was prior in time to the lien of DES for unpaid contributions. The supreme court rejected this argument, refusing to equate a deed of trust with a mortgage, which would have priority over DES' claim. The court went on to hold, however:

> Even if the sale had been secured by a mortgage rather than a deed of trust, Levy [the successor employer] would not have been relieved of his obligations to pay the amount due under the statute. A.R.S. § 23–733(D). It would only mean that there would be no lien on the property pursuant to A.R.S. § 23–733(E).

> * * * * * *

> Whether the physical property was clear of any liens or not was immaterial; Levy was still liable for the delinquent unemployment taxes pursuant to A.R.S. § 23–733(D).

■ We read *Levy* to hold that the imposition of liability for unpaid insurance contributions by the predecessor employer under A.R.S. § 23–773(D), exists separate and independent of the liening power imposed under A.R.S. § 23–773(E). Although DES could have created a lien pursuant to A.R.S. § 23–745 there is no evidence that DES in fact complied with A.R.S. § 23–745 prior to the sale. Likewise, while there is evidence that DES obtained judgments against Apache East, the predecessor employer, there is not evidence that these judgments were recorded, thus imposing some type of lien. We therefore do not decide whether such a lien would have been extinguished by the bankruptcy court's order.

We hold, pursuant to *Levy*, that at the time of the bankruptcy sale, the tax liability created by A.R.S. § 23–733(D) was not a lien upon the assets sold and thus was not extinguished by the bankruptcy court's order making the sale free of liens.

■ Bee Gee argues that, in any event, the sales agreement between it and Apache East clearly indicates that the sale was to be free and clear of all claims, including that of DES. While this may be true, the parties themselves were not at liberty to alter, by means of a private agreement, the nature of the tax liability imposed by the statute on the successor corporation. *See Kunes v. Samaritan Health Service*, 121 Ariz. 413, 590 P.2d 1359 (1979). The bankruptcy court's order authorizing the sale of assets free of liens was entered on January 20, prior to the sales contract between Apache East and the buyers. The record before this court does not indicate that the bankruptcy court specifically approved of the terms of the parties' contract, thus authorizing the more expansive language of the sales agreement. If the record is incomplete, the appellate court must presume that the missing portions support the actions below. *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978). Therefore, we must

---

**1.** A.R.S. § 23–733(E) provides in part:
 The amount of liability of a successor employer for any contribution … shall be a lien against the property or asset so acquired … and the lien against the successor may be foreclosed as in other civil actions.

conclude that the scope of the bankruptcy court's order did not encompass all of the terms of the parties' contract, but merely authorized the sale of assets free of any existing liens. Since the liability for the unpaid unemployment insurance contributions was not a lien, Bee Gee, as a successor corporation, was not freed of the liability imposed by A.R.S. § 23–733(D).

Finally, Bee Gee points to the fact that under the bankruptcy code taxes, including unemployment insurance contributions, are not dischargeable, 11 U.S.C.A. § 523 (1979), and that therefore the bankrupt is still obligated for this debt. Bee Gee thus argues that since DES has recourse against the bankrupt, it should not be allowed to pursue its claim against the bankrupt's successor corporation. In our opinion, this is irrelevant. A.R.S. § 23–733(D) is intended to provide DES with an alternative means of collecting unpaid unemployment insurance taxes in addition to any existing remedy against the debtor. The fact that DES may pursue two debtors whose liability appears to be joint and several, does not relieve one of the joint-several debtors from liability.

For the foregoing reasons, we hold that the bankruptcy court's order did not release Bee Gee from the liability imposed by A.R.S. § 23–733(D) for the unpaid unemployment insurance contributions of its predecessor. The decision of the Unemployment Insurance Appeals board is affirmed.

MEYERSON, P.J., and OGG, J., concur.