893 P.2d 746

**EMPIRE WEST COMPANIES, INC., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Appellee.**

No. 1 CA–UB 94–0046.

Court of Appeals of Arizona, Division 1, Department D.

Filed April 13, 1995.

Mesch, Clark & Rothschild by Jonathan Rothschild, Tucson, for appellant.

Grant Woods, Atty. Gen. by Sherry Murray Klein, Asst. Atty. Gen., Phoenix, for appellee Arizona Dept. of Economic Sec.

## OPINION

VOSS, Judge.

This is an appeal from the decision of the Arizona Department of Economic Security Appeals Board ("Appeals Board"). We reverse the decision of the Appeals Board and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant Empire West Companies, Inc. ("Empire") is a general contractor involved in the development and construction of apartment units and commercial buildings. This appeal concerns Empire's SunBay Apartments ("SunBay") development in Fort Ord, California.

Empire subcontracted with A & H Fabricators, Inc. ("A & H"), a cabinet manufacturer and installer, for the fabrication and installation of cabinets at SunBay. A & H had been in business for thirty years and had worked with Empire on numerous projects over a fifteen-year period. A & H, however, experienced financial difficulties and had to liquidate its business prior to the completion of the SunBay job.

The owner of A & H formed a new corporation, HST Cabinets, Inc. ("HST"), which took over A & H's contracts, including the completion of the SunBay job. Four of HST's eleven employees worked at SunBay. Shortly after HST was formed, however, it informed Empire that it could not finish the project—the only remaining job that had not been completed—and it terminated all of its employees.

Empire hired the four HST employees who had been installing cabinets at SunBay. Empire already had purchased the materials, which were fabricated and at the job site. After the four workers finished installing the

cabinets in approximately two months, their employment with Empire ended.

As a result of Empire's brief employment of the four former HST employees, the Arizona Department of Economic Security ("ADES") concluded that Empire had acquired and continued the business of HST. ADES assigned Empire the experience rating of HST and issued a determination of unemployment insurance liability against Empire. Empire appealed, but ADES issued a Reconsidered Determination affirming its prior determination. Empire then took the matter to the Appeals Board, which affirmed the determination of liability. Empire requested review of the Appeals Board decision, but again, the decision was affirmed. Finally, Empire filed an application for appeal to this court, which was granted.

Empire contends that the Appeals Board decision is not supported by a reasonable interpretation of the record because it neither acquired nor continued the business of HST pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 23–733(A) (1995). Because we agree with Empire that it did not succeed to nor acquire the business of HST, we need not address whether Empire continued the business of HST.

## DISCUSSION

■ On appeal, this court considers the evidence in the light most favorable to upholding the decision of the Appeals Board and will affirm the Board's decision if it is supported by any reasonable interpretation of the record. *Warehouse Indem. v. Arizona Dept. of Economic Sec.*, 128 Ariz. 504, 505, 627 P.2d 235, 236 (App.1981). The Board's legal conclusions are not binding on this court and we are free to review such determinations de novo. *Id.*

■ A.R.S. section 23–733(A) provides:

When any employing unit in any manner succeeds to or acquires the organization, trade[,] or business, or substantially all of the assets thereof, ... and continues such organization, trade[,] or business, the account of the predecessor employer shall be transferred as of the date of acquisition to the successor employer for the purpose of rate determination.

Courts examine the substance rather than the form of a transaction to determine whether a business has been acquired in order to effectuate the underlying purpose of the statute. *See Levy v. Arizona Dept. of Economic Sec.*, 132 Ariz. 1, 3, 643 P.2d 704, 706 (1982). "Factors considered by reviewing courts include continuity of management, ownership, employees, or procedures, the amount and nature of assets transferred, change of identity, capacity to continue a similar business, and interruption of the business during the transfer." *Id.*

■ Here, we cannot conclude that the Appeals Board's decision was supported by any reasonable interpretation of the record. Clearly, the only nexus between Empire and HST was the four workers who were hired by Empire to finish installing the cabinets after HST ceased operations. There was no continuity of management nor ownership. There were no assets transferred; Empire already had paid for the cabinets. Empire continued to remain a general contractor. It had no interest in acquiring HST's business as a cabinet installation subcontractor, nor did it operate in such a capacity either before or after the completion of the SunBay job. Indeed, Empire's prompt hiring of the former HST employees was motivated solely to avoid delay in the completion of SunBay. Finally, Empire did not acquire HST's place of business, trade name, other customers, goodwill, inventory, accounts receivable or payable, or tools and fixtures. *See* Arizona Administrative Code R6–3–1713(A)(2).

In sum, this was not an acquisition pursuant to A.R.S. section 23–733(A). Because there was no basis for the determination that Empire acquired the business of HST, it is perplexing how ADES originally reached such an erroneous determination, and equally disconcerting that this determination was affirmed by ADES three times.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the Appeals Board and remand this matter to ADES for a redetermination of

Empire's liability based upon its proper experience rating.

CONTRERAS, P.J., and FIDEL, J., concur.