NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SARAH JOY VAHIDI, *Petitioner/Appellee*,

*v.*

SHADMAN HOSSEINI, *Respondent/Appellant*.

No. 1 CA-CV 17-0520 FC
FILED 6-7-2018

Appeal from the Superior Court in Maricopa County
No. FC2014-003031
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Shadman Hosseini, Phoenix
*Respondent/Appellant*

Ayers & Brown PC, Phoenix
By Harvey S. Brown, Joshua M. Conway
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1 Shadman Hosseini ("Husband") appeals from the family court's post-decree order (i) granting Sarah Joy Vahidi's ("Wife") petition to enforce and (ii) awarding her $5,584.62 in attorney fees. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2 The parties were divorced in July 2016. Under the terms of the consent decree, Husband was awarded the real property located on West Mark Lane in Phoenix (the "Property"). At the time, Wife was a "borrower" under a deed of trust encumbering the Property (the "Deed of Trust"), but she was not, however, a "borrower" under the note that evidenced the underlying indebtedness (the "Note"). As relevant here, the decree also provided:

> The Respondent/Husband shall pay and hold the Petitioner/Wife harmless therefrom the following obligations and remove Petitioner/Wife from any liability within 30 days including refinancing . . . [a]ny obligations attached to property awarded to him.

¶3 In October 2016, Wife filed a petition to enforce the decree, contending that, because Husband was unable or unwilling to refinance the Property, it needed to be sold to eliminate her liability on the mortgage. In response, Husband requested the petition be denied because "the financial

---

[1] The statement of facts in the opening brief does not comply with Arizona Rule of Civil Appellate Procedure 13(a)(5), which requires a statement of facts "that are relevant to the issues presented for review, with appropriate references to the record." Accordingly, we disregard it and instead rely on our own review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1, ¶ 2 (App. 1998).

liability of the property [stands] on my shoulders only." After an evidentiary hearing, the family court ordered either party to provide documentation proving that Wife "is in no way associated with the Mark Lane property." Husband submitted copies of the Note, a HUD-1 Settlement Statement (with addendum and attachments), a title commitment, and an unsigned letter from Nationstar Mortgage LLC—all of which confirmed that Husband was the only signatory on the Note.

**¶4**        Thereafter, the family court concluded that Husband had not shown "that [Wife] is no longer on the loan nor no longer responsible for the mortgage on the property located on Mark Lane." Accordingly, the court granted Wife's petition and ordered Husband to refinance the Property within 45 days. The court also granted Wife's request for attorney fees based on the "unreasonable position" taken by Husband.[2] *See* Ariz. Rev. Stat. (A.R.S.) § 25-324(A); *see also* Ariz. R. Fam. Law P. 91(S) (attorney fees may be awarded to a party who requests enforcement of a family court order). After considering counsel's *China Doll* affidavit, the court awarded Wife $5,584.62 in fees.[3]

## DISCUSSION

### A.        Petition to Enforce

**¶5**        We review a family court's decision to enforce a prior order for an abuse of discretion. Ariz. R. Fam. Law P. 91(A), (H) (delineating procedural requirements for a party seeking post-decree relief); *cf. In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). We view the evidence in the light most favorable to sustaining the court's ruling, deferring to its factual findings unless clearly erroneous. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶¶ 17-18 (App. 2015); *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012). We also defer to the court's determinations of witness credibility and the weight to give the evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). We review de novo questions of law, including the interpretation of a decree or court order. *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001); *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007). We will affirm on any ground supported by the record. *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008); *see* ARCAP 13(b)(2) (appellate

---

[2]        The family court found that the disparity in income between the parties was "not significant." *See* A.R.S. § 25-324(A).

[3]        *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183 (App. 1983).

court may affirm judgment on any grounds properly presented in the record).

**¶6** Husband challenges Wife's standing to bring the petition. Whether a party has standing is a question of law we review de novo. *Pawn 1st, L.L.C. v. City of Phx.*, 231 Ariz. 309, 311, ¶ 11 (App. 2013). Husband argues that Wife did not prove she was liable on an obligation attached to the Property such that his failure to refinance (and thereby satisfy the Deed of Trust) caused her "a distinct and palpable injury." *See Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16 (1998); *Ariz. Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 13, ¶ 17 (App. 2009). But Wife maintains that she suffers economic injury because her signature on the Deed of Trust impairs her "ability to be approved for loans and other forms of credit." The family court is in the "best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011). We assume the court fully considered the evidence before it. *Fuentes v. Fuentes*, 209 Ariz. 51, 55, ¶ 18 (App. 2004). On appeal, Husband bears the burden to ensure the record contains the transcripts necessary for us to determine this issue. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(b), (c). Because Husband did not provide the transcript of the evidentiary hearing, we presume the record supports the family court's ruling.[4] *See Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005).

### B. Attorney Fees

**¶7** Husband argues the family court abused its discretion in finding his position on refinancing was unreasonable.[5] *See Nicaise v. Sundaram*, 1 CA-CV 17-0069 FC, 2018 WL 1101654, at *7, ¶ 32 (Ariz. App.

---

[4] On this basis, we agree with Wife that the issue is ripe regardless of the likelihood Husband will default on the Note. *See Town of Gilbert v. Maricopa Cty.*, 213 Ariz. 241, 244-45, ¶ 8 (App. 2006) (explaining that the doctrine of ripeness "prevents a court from rendering a premature judgment or opinion on a situation that may never occur.") (quoting *Winkle v. City of Tucson*, 190 Ariz. 413, 415 (1997)).

[5] Under A.R.S. § 25-324(A), the family court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

Mar. 1, 2018) (reviewing an award of fees under § 25-324(A) for an abuse of discretion).

**¶8** The terms of the consent decree require that Husband remove Wife "from any liability" with regard to "[a]ny obligations attached to property awarded to him." *See Cohen*, 215 Ariz. at 66, ¶ 11 ("The meaning of a decree is to be determined from the language used.") (quoting *Stine v. Stine,* 179 Ariz. 385, 388 (App. 1994)). Because Husband failed to include the transcript of the hearing in the record, however, we are unable to review all of the relevant evidence. Therefore, we must accept the court's finding that Wife demonstrated her obligations attached to the Property were still intact and in violation of the decree. *See Bee-Gee, Inc. v. Ariz. Dep't of Econ. Sec.*, 142 Ariz. 410, 414 (App. 1984) ("If the record is incomplete, the appellate court must presume that the missing portions support the actions below.") Accordingly, the order awarding attorney fees is affirmed.

## CONCLUSION[6]

**¶9** For the foregoing reasons, we affirm the family court's order granting Wife's petition to enforce and the award of attorney fees. In our discretion, we grant Wife's request under A.R.S. § 25-324 for attorney fees and costs on appeal upon compliance with ARCAP 21. *See Leathers v. Leathers*, 216 Ariz. 374, 379, ¶ 22 (App. 2007).



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[6] The court is in receipt of respondent/appellant's motion to accept newly obtained evidence not available at the time of filing and petitioner/appellee's objection. Accordingly, IT IS ORDERED granting the motion.