NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

KEHYANA TERRELL, *Petitioner/Appellant*,

*v.*

ANDREW BECK, *Respondent/Appellee*.

No. 1 CA-CV 25-0468 FC

FILED 12-10-2025

Appeal from the Superior Court in Maricopa County
No. FC2025-001362
The Honorable Steven McCarthy, Judge

**AFFIRMED**

APPEARANCES

Kehyana Terrell, Phoenix
*Petitioner/Appellant*

Andrew Beck, Peoria
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1            Terrell appeals the superior court's order dismissing her order of protection against Beck. Because the superior court did not abuse its discretion, the court affirms.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            The court views the facts in the light most favorable to upholding the superior court's ruling. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 63 ¶ 2 (App. 2011). Terrell was responsible for filing any transcripts she wanted the court to consider, but she filed none. *See* Ariz. R. Civ. App. P. 11(c). The court thus presumes the missing transcripts support the superior court's ruling. *Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014).

¶3            Terrell and Beck have a child in common. They are parties to a separate custody action. They did not seek to consolidate the two cases.

¶4            In April 2025, Terrell petitioned for an *ex parte* order of protection against Beck. The petition alleged Beck had been harassing Terrell throughout the year before she filed the petition. Terrell's petition says Beck had been stalking her, demanding she answer questions about her personal life, and threatening to seek a contempt order against her. The superior court granted Terrell's *ex parte* petition, which ordered Beck not to go near Terrell's residence and workplace, and restricted his contact with Terrell to discussing the child using OurFamilyWizard.com, a website to facilitate co-parenting.

¶5            Beck timely requested a hearing to contest the protective order, saying Terrell obtained the order "to weaponize the court as it pertains to our custody dispute." The superior court held an evidentiary hearing. After that hearing, the superior court dismissed Terrell's protective order, finding she failed to establish, by a preponderance of the evidence, Beck committed, or will commit in the future, an act of domestic violence.

¶6            The court has jurisdiction under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21, 12-21001.A.1, A.5(b), and Arizona Rules of Protective Order Procedure 42(b)(2).

## DISCUSSION

**I.      Though Terrell's opening brief does not comply with Rule 13, Arizona Rules of Civil Appellate Procedure, the court will review her challenge on the merits.**

¶7            Beck argues the court should rule Terrell waived her arguments on appeal because her opening brief does not conform with Rule 13, Arizona Rules of Civil Appellate Procedure.

¶8            "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by an adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). Under Rule 13, the opening brief must set forward "a statement of the case that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction" with appropriate references to the record. Ariz. R. Civ. App. Proc. 13(a)(4); *Ramos*, 252 Ariz at 522 ¶ 8. The court holds Terrell, a self-represented litigant, to the same standards as an attorney and does not afford her special leniency. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017).

¶9            Terrell's opening brief does not set forth any legal grounds or arguments for reversing the superior court's order. Terrell also did not include citations to the record. *See* Ariz. R. Civ. App. Proc. 13(a)(7)(A) (requiring appellant's brief to contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). The court thus could treat her failure to refer to legal authority and the record as abandonment and waiver of her claim. *See id.*; *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted).

¶10           Even so, the court exercises its discretion to decide this appeal on its merits based on its own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

**II.** **Terrell does not show the superior court abused its discretion when it denied her petition following an evidentiary hearing.**

¶11　　　　The court reviews the superior court's decision to deny a petition for protective order following an evidentiary hearing for abuse of discretion. *See Cardoso v. Soldo*, 230 Ariz. 614, 619 ¶ 16 (App. 2012). "The [superior] court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the [superior] court's decision, is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5 (App. 2014) (quotation omitted). The court does not reweigh evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009).

¶12　　　　Terrell, as the party seeking a protective order, bore the burden of proving, by a preponderance of the evidence, the superior court should issue the order. *See* Ariz. R. Protective Ord. Proc. 38(g)(3).

¶13　　　　To meet that burden, Terrell needed to establish reasonable cause to believe Beck either "may commit an act of domestic violence" or "has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period." *See* A.R.S. § 13-3602.E.1 ("may commit") –E.2 ("has committed"). Domestic violence includes a wide array of criminal acts, including harassment through verbal or electronic communication. *See* A.R.S. § 13-2921.A.1. Harassment requires the person knowingly commit repeated acts which would cause a reasonable person to be seriously alarmed, annoyed, humiliated, or mentally distressed. A.R.S. § 13-2921.E.

¶14　　　　Terrell identifies no legal error. Instead, she reargues facts. Terrell argues the superior court abused its discretion because it ignored her evidence and dismissed her petition on improper grounds. She argues Beck is an abuser who made multiple threats and intimidation. And she says his acts caused her and her unborn child to have hypertension and end up in the emergency room.

¶15　　　　Her arguments do not satisfy the abuse-of-discretion standard, especially when the court presumes, as it must, that any gaps in the record support the superior court's order. *See Bee-Gee, Inc. v. Ariz. Dep't of Econ. Sec.*, 142 Ariz. 410, 414 (App. 1984) (presuming "[i]f the record is incomplete, . . . the missing portions support the [superior court's] actions"); *see also State v. Geeslin*, 223 Ariz. 553, 554 ¶ 5 (2010) ("When 'matters are not included in the record on appeal, the missing portions of

the record will be presumed to support the action of the trial court.'") (quoting *State v. Zuck*, 134 Ariz. 509, 513 (1982)).

**¶16**      At bottom, Terrell asks the court to reweigh the evidence about times when she felt stressed, threatened, and harassed because of Beck's actions. But the superior court did not find Beck's actions constituted harassment. And although Terrell believes she proved she and her unborn child experienced hypertension, it does not mean she proved Beck committed or may commit an act of domestic violence.

**¶17**      As a final point, Terrell argues the superior court's ruling was biased. The court presumes a superior court judge acts free of bias and prejudice. *State v. Ramsey*, 211 Ariz. 529, 541 ¶ 38 (App. 2005). To overcome that presumption, Terrell had to show bias by a preponderance of the evidence. *Id.* Terrell did not make that showing.

## CONCLUSION

**¶18**      The court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR