**MANPOWER, INC., (d/b/a Manpower Temporary Services), Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO (Ex-officio Unemployment Compensation Commission of Colorado), Respondent.**

No. 82CA1005.

Colorado Court of Appeals, Div. I.

June 23, 1983.

Certiorari Denied Jan. 16, 1984.

Robert L. Harris, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Blizzard, Asst. Atty. Gen., Denver, for respondent.

COYTE *, Judge.

ManPower, Inc., (ManPower) seeks review of an order of the Industrial Commission requiring it to pay the new-employer rate of unemployment insurance, .27 percent of wages paid, rather than the lower rate, .005 percent of wages paid, enjoyed by the company from whom the business was purchased. We affirm.

It is undisputed that, in 1980, ManPower purchased the business owned and operated by Raymond Neslund and ManPower Incorporated of Denver. Neslund was retained as a consultant, but had no interest in the business.

Section 8–76–104, C.R.S.1973, provides that an employing unit:

"shall succeed to the experience of the predecessor employer, and the entire separate account, including the actual contributions, benefits, and payroll experience of the predecessor employer, shall pass to the successor for the purpose of determining the rate of contributions for such successor. For the purposes of this subsection (1), this provision shall apply only to those employing units in which fifty percent or more of the control of the management of such employing unit is held immediately after such acquisition by the same person who, immediately prior to such acquisition, held fifty percent or more of the control of the management of such employer...."

■ ManPower first contends that it was denied due process of law because not all persons are treated equally under the above statute. It presents hypothetical situations where there might be a possibility of different treatment to different individuals under varying circumstances, but no specific instance was shown. It argues that there could be a total change in management when a business was purchased by purchasing the stock of the company, rather than the assets, as was done here, and that there would be a total change in management which would continue in business with the same experience rating of the corporation under the former officers of the corporation.

The statute, § 8–70–103, C.R.S.1973, in defining "employing unit" does not make any distinction where different employees are hired by a given entity. The General Assembly has not seen fit to make a change in experience rating where there are changes in stockholders within a corporation, as there is no change in the employing unit as such. There was no showing that persons in the same situation are treated differently. Claimant's contention should be addressed to the General Assembly rather than this court.

ManPower also argues that the successor provisions of § 8–76–104(1), C.R.S.1973 (1982 Cum.Supp.) are unconstitutionally vague. We disagree. We address this issue under the authority of *Matthews v. Industrial Commission*, 627 P.2d 1123 (Colo.App.1980), which constitutes recognition by the Supreme Court that we have jurisdiction so to do.

■ The above section clearly delineates two requirements for a successor tax rate, namely: (1) The new employer must acquire the organization, trade, or business of another employer, and (2) fifty percent or more of the control of management must be held immediately before the acquisition by the same person as holds it thereafter. This two-pronged test is clearly stated in the statute and does not leave persons of ordinary intelligence guessing as to its meaning or differing as to its

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.).

application. *People v. Alexander*, 663 P.2d 1024 (Colo., 1983). Hence, the statute is not unconstitutionally vague.

Order affirmed.

TURSI and BABCOCK, JJ., concur.