PARKER, Justice.
MPI Acquisition, LLC, d/b/a Manco Power Sports (“MPI”), petitioned for a permissive appeal from the denial of its motion for a summary judgment, pursuant to Rule 5(a), Aa. R.App. P. In certifying its denial of MPI’s summary-judgment motion as appropriate for permissive appeal, the trial court stated the following controlling questions of law:
“(1) [Wjhether the supremacy clause of the United States Constitution, Art. VI, cl. 4, and the doctrine of preemption thereunder obligate this court to enforce the Order of the United States Bankruptcy Court for the Northern District of Indiana which declared the defendant herein, [MPI,] purchased some of the assets of Manco Products, Inc. free and clear of the liabilities of Manco Products for claims arising out of products manufactured by Manco Products such that MPI may not be found liable as a matter of law as a successor to Manco Products; and
“(2) whether the decision of the appellate court in Glenn v. Steelox Bldg. Systs., Inc., 698 So.2d 142, 144-45 (Ala.Civ.App.), cert. denied, 698 So.2d 145 (Ala.1997), enforcing a similar order of Bankruptcy Court is binding precedent on this court to determine as a matter of law that MPI may not be found liable as a matter of law as a successor to Manco Products.”
This Court granted the petition for a permissive appeal. We find it unnecessary to answer the second question certified by the trial court. On the basis of the first, we reverse the trial court’s denial of MPI’s motion for a summary judgment.
As grounds for a summary judgment, MPI relied upon an order of the United States Bankruptcy Court for the Northern District of Indiana, which stated that MPI Acquisition, LLC, had purchased the assets of Manco Products, Inc., free and clear of liabilities for claims arising out of products manufactured by Manco Products, Inc., thereby foreclosing successor liability. Charlene Northcutt and the other plaintiffs argued that MPI is a mere continuation of the transferor corporation and that it thus remains liable under Aa-bama successor-corporation-liability law for products manufactured by Manco *128 Products, Inc., before MPI purchased Manco’s assets.

Doctrine of Preemption

The United States Supreme Court has held that Congress has the power to explicitly preempt state law or to indicate that a field of regulation is to be occupied by federal law. That Court has further held that where state law conflicts with federal law, federal law will prevail.
“Federal law may pre-empt state law in any of three ways. First, in enacting the federal law, Congress may explicitly define the extent to which it intends to pre-empt state law. E.g., Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95-96 (1988). Second, even in the absence of express pre-emptive language, Congress may indicate an intent to occupy an entire field of regulation, in which case the States must leave all regulatory activity in that area to the Federal Government. E.g., Fidelity Federal Savings & Loan Assn. v. de la Cuesta, 458 U.S. 141, 153 (1982); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947). Finally, if Congress has not displaced state regulation entirely, it may nonetheless preempt state law to the extent that the state law actually conflicts with federal law. Such a conflict arises when compliance with both state and federal law is impossible, Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143 (1963), or when the state law ‘stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.’ Hines v. Davidowitz, 312 U.S. 52, 67 (1941). See also Fidelity Federal Savings & Loan Assn., supra, 458 U.S., at 153.”
Michigan Canners & Freezers Ass’n v. Agricultural Marketing & Bargaining Bd., 467 U.S. 461, 469, 104 S.Ct. 2518, 81 L.Ed.2d 399 (1984).
The specific question before this Court is whether an order of a federal bankruptcy court declaring a purchase of assets to be free and clear of liability for any claims involving products manufactured and sold by the seller preempts the application of Alabama successor-liability law.
This Court has summai'ized Alabama successor-corporation liability law:
“As a general rule, the transferee/purchasing corporation is not liable for the debts and liabilities of the transfer- or/seller corporation. Matrix-Churchill v. Springsteen, 461 So.2d 782 (Ala.1984). In Andrews v. John E. Smith’s Sons Co., 369 So.2d 781, 785 (Ala.1979), this Court stated:
“ ‘As a general rule, where one company sells or otherwise transfers all its assets to another company, the transferee is not liable for the debts and liabilities of the transferor unless (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor.’
“369 So.2d at 785. (Citations omitted.) See, Clardy v. Sanders, 551 So.2d 1057 (Ala.1989), cert. denied, 493 U.S. 885, 110 S.Ct. 230, 107 L.Ed.2d 178 (1989).”
Brown v. Economy Baler Co., 599 So.2d 1, 3 (Ala.1992).
According to the United States Supreme Court, the Bankruptcy Act is not absolutely preclusive of state law: “Congress did not intend for the Bankruptcy Code to preempt all state laws.” Midlantic Nat’l Bank v. New Jersey Dep’t of Envtl. Protection, 474 U.S. 494, 505, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). The issue of preemption of non-bankruptcy state successor-lia *129 bility law by federal bankruptcy law remains unsettled in the federal courts.[1] The issue is also unsettled in state courts.[2] An article in the American Law Reports that discusses both the positive and the negative aspects of a imposing successor liability opens with this introduction:
“While a traditional rule provides that a successor is not liable for the liabilities of a predecessor whose assets it has acquired, some courts, concerned that the traditional exceptions to the successor nonliability rule, being designed chiefly to protect creditors of the predecessor corporation, were not sufficient to protect product liability claimants, have added the product-line exception which generally provides that a successor who acquires all or substantially all of the assets of another company, and undertakes essentially the same manufacturing operation, may be liable for injuries caused by products that were issued by its predecessor. Other jurisdictions have rejected the product-line exception.”
David J. Marchitelli, Annotation, Liability of Successor Corporation for Injury or Damage Caused by Product Issued by Predecessor, Based on ‘Product Line’’ Successor Liability, 18 A.L.R.6th 629 (2006).
The exceptions to the general rule that the transferee or purchasing corporation is not hable for the debts and liabilities of the transferor or selling corporation, however, cannot apply where a bankruptcy sale precedes the corporate succession. This is so because
“[i]n Chapter 11 proceedings, the court is trying to obtain and preserve as many assets as it can to protect secured and unsecured creditors. To do so, it needs to approve sales of assets to third parties. A key factor to a third party in purchasing assets is the ‘worth’ of the asset. Third parties cannot assess ‘worth’ if the Bankruptcy Court orders that they take the assets free and clear of any and all claims whatsoever, but nonetheless, unsecured creditors can ‘lie in the weeds’ and wait until the bankruptcy court approves a sale before it sues the purchasers. In sum, the court finds the policy considerations outlined in [In re ] White Motor [Credit Corp. (Volvo White Truck Corp. v. Chambersburg Beverage, Inc.), 75 B.R. 944 (Bankr.N.D.Ohio 1987),] are compelling and adopts them in holding that Plaintiffs claims are pre-empted.”
Myers v. United States, 297 B.R. 774, 784 (S.D.Cal.2003). We agree with the following statement:
*130 “The federal purpose of final resolution and discharge of corporate debt is clearly compromised by imposing successor liability on purchasers of assets when the underlying liability has been discharged under a plan of reorganization. Moreover, successor liability is precluded by [11 U.S.C.] Section 1141(c) which specifically frees debtor’s property from creditors’ claims. Successor liability in these circumstances has, therefore, been pre-empted by the Bankruptcy Code.
“The effects of successor liability in the context of a corporate reorganization preclude its imposition. The successor liability specter would chill and deleteriously affect sales of corporate assets, forcing debtors to accept less on sales to compensate for this potential liability. This negative effect on sales would only benefit product liability claimants, thereby subverting specific statutory priorities established by the Bankruptcy Code. See 11 U.S.C. §§ 507 and 1129(a)(9). This result precludes successor liability imposition.”
In re White Motor Credit Corp. (Volvo White Truck Corp. v. Chambersburg Beverage, Inc.), 75 B.R. 944, 950-51 (Bankr.N.D.Ohio 1987). Accordingly, we hold that the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the doctrine of preemption obligate a trial court to enforce an order of a United States Bankruptcy Court in cases where Alabama successor-liability law is raised.
Based on our answer to the first controlling question of law presented by the trial court, we find it unnecessary to resolve the extent to which Glenn v. Steelox Building Systems, Inc., 698 So.2d 142 (Ala.Civ.App.1997), constituted precedent binding on the trial court. To the extent that that opinion of the Court of Civil Appeals may be interpreted to mean that Alabama law is not subject to the preemption doctrine, we expressly overrule it.

Conclusion

The Supremacy Clause of the United States Constitution and the doctrine of preemption do obligate the courts of Alabama to enforce the valid order of any United States Bankruptcy Court where such an order is challenged under the successor-liability law of the State of Alabama. Further, Glenn v. Steelox is overruled to the extent that that opinion may be interpreted to contradict this holding.
Although the parties have further briefed and analyzed this case, we preter-mit further discussion because that analysis is beyond the scope of this permissive appeal, which was to answer the controlling questions of law posed by the trial court. Accordingly, the order of the trial court denying MPI’s motion for a summary judgment, which asserted that the provision in the order of the bankruptcy court allowing MPI to purchase assets free and clear of claims for successor liability negated the plaintiffs’ claims against it, is reversed, and the case is remanded for the entry of a summary judgment for MPI.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.

. See, e.g., Schwinn Cycling & Fitness Inc. v. Benonis, 217 B.R. 790 (Bankr.N.D.Ill.1997) (Bankruptcy Code did not preempt application of state successor law against purchaser); Conway v. White Trucks, a Div. of White Motor Corp., 885 F.2d 90 (3d Cir.1989)(applied Pennsylvania law on issue of successor liability); but see In re White Motor Credit Corp. (Volvo White Truck Corp. v. Chambersburg Beverage, Inc.), 75 B.R. 944 (Bankr.N.D.Ohio 1987) (federal law preempted state law imposing successor liability on purchaser of assets).

. See Concalves v. Wire Tech. & Mach. Co., 253 N.J.Super. 327, 601 A.2d 780 (1991) (company that bought assets of the manufacturer of the machine at a bankruptcy sale was subject to liability); Wilkerson v. C.O. Porter Mach. Co., 237 N.J.Super. 282, 567 A.2d 598 (1989) (successor liability not precluded by purchase of assets under bankruptcy sale). Illustrative cases in which successor liability was not applied are Nelson v. Tiffany Indus., Inc., 778 F.2d 533 (9th Cir.1985) (possible collusive agreement precluded summary judgment); and Forrest v. Beloit Corp., 278 F.Supp.2d 471 (E.D.Pa.2003) (user had remedy against bankrupt).