2013 COA 142

**OURAY SPORTSWEAR, LLC, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Division of Unemployment Insurance UI Tax Administration, Respondents.**

**Court of Appeals No. 13CA0341**

Colorado Court of Appeals,
Div. III.

Announced October 24, 2013

Allen & Vellone, P.C., Patrick D. Vellone, Mark A. Larson, Denver, Colorado, for Petitioner

No Appearance for Respondents

Opinion by JUDGE DAILEY

¶ 1 Petitioner, Ouray Sportswear, LLC (employer), seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed a hearing officer's decision that employer is a "successor" entity for unemployment taxation purposes under section 8–76–104(1)(a), C.R.S.2013, because it purchased substantially all of the assets of two businesses. We conclude that the Panel's holding that employer is a successor entity directly conflicts with a prior bankruptcy court order approving the asset purchase. Consequently, we set aside the Panel's order.

## I. Background

¶ 2 In April 2007, Ski Country Imports, Inc., and Ouray Sportswear Wyoming, Inc. (collectively, debtor), filed for bankruptcy.

As part of the bankruptcy proceeding, employer, through a related entity called Jalex Holdings, LLC (Jalex), purchased substantially all of debtor's assets. The purchase included certain liabilities, none of which related to debtor's unemployment insurance obligations. Debtor did not provide notice of the bankruptcy filing to the Colorado Department of Labor and Employment (Department) but did notify the Colorado Department of Revenue, the Office of the Attorney General, and the Colorado Division of Securities. Debtor represented to Jalex that it had addressed unemployment insurance accounts in the bankruptcy proceeding.

¶ 3 In May 2007, the United States Bankruptcy Court for the District of Colorado issued an order approving Jalex's purchase of debtor's assets. The order expressly provided that in accordance with 11 U.S.C. § 363(f) (2006), the purchase was free and clear of any and all liens, claims, charges, and encumbrances. The order also specified that Jalex would not be deemed a successor to debtor for any of debtor's liabilities except as specified in the order or the asset purchase agreement. Jalex relied on debtor's representation and the bankruptcy court's order and believed that it purchased debtor's assets without any lien by the Department. Following the asset purchase, Jalex created employer as a new business association.

¶ 4 More than four years later, in December 2011, the Department sought to collect from employer $38,342.74, which represented debtor's unpaid 2007 unemployment insurance premiums plus interest. In June 2012, a deputy for the Department issued a liability determination concluding that debtor's entire unemployment insurance account (which included the unpaid premiums) would transfer to employer because employer was a successor entity to debtor under section 8–76–104(1)(a).

¶ 5 Employer appealed the deputy's ruling. Following a hearing, the hearing officer affirmed the deputy's conclusion that section 8–76–104(1)(a) applied and that employer was, therefore, the successor to debtor's unemployment insurance account. However, the hearing officer expressly declined to de-

cide whether "federal bankruptcy law tak[es] precedence over state unemployment insurance law," concluding that the issue was not before her. The hearing officer further deemed to be "not before" her (1) whether the bankruptcy court could discharge monies owed to the Department; (2) whether the bankruptcy court did so in this instance; and (3) whether the Department could collect on the amount it was seeking from employer. However, the hearing officer then noted that the issue whether the Department could collect from employer had "been adjudicated in federal bankruptcy court" and she urged the parties "to address this matter, if further address is in fact necessary, in bankruptcy court."

¶ 6 On review, the Panel concluded that the hearing officer correctly determined employer to be a successor entity under section 8–76–104(1)(a). It rejected employer's contention that the hearing officer's decision was preempted because it conflicted with the bankruptcy court's order. The Panel noted that the bankruptcy court order stated only that Jalex was not a successor to debtor's liabilities and that the hearing officer had correctly declined to hold employer liable for unpaid amounts. However, the Panel found no error in treating employer as a successor to debtor for the remaining purposes set forth in section 8–76–104(*l* )(a), including "succession to ... [debtor]'s payroll experience, the account, and the payment of benefits from that account."

¶ 7 Employer now appeals the Panel's order.

## II. Analysis

### A. Standard of Review

¶ 8 We may set aside the Panel's decision if it is erroneous as a matter of law. See § 8–74–107(6)(d), C.R.S.2013. We review an agency's legal conclusions de novo. See Davison v. Indus. Claim Appeals Office, 84 P.3d 1023, 1029 (Colo.2004). If the controlling facts are undisputed, the legal effect of those facts constitutes a question of law. Turbyne v. People, 151 P.3d 563, 572 (Colo. 2007).

### B. Employer's Successor Entity Status

¶ 9 Employer contends that the Panel erred in affirming the hearing officer's determination that it is a successor entity under section 8–76–104(1)(a). Employer contends that the bankruptcy court's order effectively precludes the Department and the Panel from treating it as a statutory successor entity. We agree.

¶ 10 Section 8–76–104(1)(a) provides, in pertinent part, that if an entity becomes a statutory employer "because it acquires ... substantially all of the assets of one or more employers," the entity "shall succeed to the entire experience rating record of the predecessor employer." The Department assigns each employer account an experience rating based on the amount of benefits paid to its former employees, and the experience rating and the overall wages the employer pays in Colorado are used to determine the employer's tax rate. See Colo. Div. of Emp't & Training v. Accord Human Res., Inc., 270 P.3d 985, 988 (Colo.2012); see also §§ 8–76–102, 8–76–103, C.R.S.2013. Section 8–76–104(1)(a) further provides that "the entire separate account, including the actual premiums, benefits, and payroll experience of the predecessor employer, shall pass to the successor for the purpose of determining the premium rate for the successor." See Manpower, Inc. v. Indus. Comm'n, 677 P.2d 346, 347–48 (Colo.App.1983) (analyzing prior similar version of statute).

¶ 11 We have not located a Colorado appellate decision, however, that addresses whether section 8–76–104(1)(a) applies if, as here, a purported successor entity acquires substantially all of a predecessor's assets through a free and clear bankruptcy sale order.

¶ 12 Section 363(f) of the Bankruptcy Code authorizes a bankruptcy trustee to sell property "free and clear of any interest in such property" provided any one of five listed conditions is met. 11 U.S.C. § 363(f)(1)-(5).

¶ 13 Although there is some conflicting authority, the more recent trend is to read the phrase "interest in such property" broadly to include not just liens against the property being sold, but also claims that arose from ownership of the property. See In re

*Chrysler LLC,* 576 F.3d 108, 123–26 (2d Cir. 2009) (product liability claims), *vacated as moot sub nom. Ind. State Police Pension Trust v. Chrysler LLC,* 558 U.S. 1087, 130 S.Ct. 1015, 175 L.Ed.2d 614 (2009); *In re Trans World Airlines, Inc.,* 322 F.3d 283, 288–90 (3d Cir.2003) (airline workers' employment discrimination claims and flight attendants' rights under travel voucher program); *In re Leckie Smokeless Coal Co.,* 99 F.3d 573, 581–82, 585 (4th Cir.1996) (debtors' obligation to pay premiums under federal statutes imposing liability on "operators," "related persons," and "successors in interest"); *In re PBBPC, Inc.,* 484 B.R. 860, 867–70 (1st Cir. BAP 2013) (*PBBPC II* ) (unemployment agency's right to tax asset purchaser based on asset seller's experience rating); 3 Alan M. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 363.06(1) (16th ed. 2013) ("[T]he trend seems to be in favor of a broader definition that encompasses other obligations that may flow from ownership of the property.").

■ ¶ 14 If a free and clear sale under federal bankruptcy law conflicts with state law, federal law prevails. *See In re PBBPC, Inc.,* 467 B.R. 1, 10 (Bankr.D.Mass.2012) (*PBBPC I*) (if 11 U.S.C. § 363(f) applies, it preempts any state law to the contrary), *aff'd, PBBPC II,* 484 B.R. 860; *In re P.K.R. Convalescent Ctrs., Inc.,* 189 B.R. 90, 94 (Bankr.E.D.Va.1995) (because free and clear provision of 11 U.S.C. § 363(f) conflicted with, and thus preempted, Virginia statute authorizing depreciation recapture claim, state claim was extinguished); *MPI Acquisition, LLC v. Northcutt,* 14 So.3d 126, 130 (Ala.2009) (bankruptcy court order declaring purchase of corporate assets to be free and clear of liability for claims arising out of products manufactured by debtor preempted application of Alabama successor liability law); *see also Bee–Gee, Inc. v. Ariz. Dep't of Econ. Sec.,* 142 Ariz. 410, 690 P.2d 129, 132 (App.1984) (noting that bankruptcy court has power to order sales free of all claims, liens, and encumbrances, and that federal law in this area must control over conflicting state law provisions).

■ ¶ 15 Here, the bankruptcy court determined that the requirements of 11 U.S.C. § 363(f) had been satisfied and ordered that the purchase of debtor's assets was free and clear of liens, claims, and encumbrances "in accordance with section 363(f) of the Bankruptcy Code." The court ordered that the transfer of assets was

> free and clear of any and all liens, claims, interest, charges, and encumbrances . . . of whatever kind, type, nature, or description, including, without limitation, any lien, security interest, pledge, hypothecation, encumbrance or other charge, interest or claim . . . in, against or with respect to any of the [a]ssets . . . whether direct or indirect, absolute or contingent, choate or inchoate, fixed or contingent, matured or unmatured, liquidated or unliquidated, arising by agreement, statute or otherwise and whether arising prior to, on or after the [p]etition [d]ate.

¶ 16 The bankruptcy court's order further provides that the purchaser "will not be deemed to have assumed any 'claims' " against debtor and that under "no circumstances" would the purchaser "be deemed a successor of or to . . . [debtor] for any liability of . . . [debtor] (whether direct or indirect, liquidated or unliquidated, choate or inchoate or contingent or fixed) whatsoever except as set forth in this [order or the asset purchase agreement]."

¶ 17 The Panel's subsequent holding that employer is a successor entity under section 8–76–104(*l* )(a), even if only for purposes of "succession to . . . [debtor]'s payroll experience, the account, and the payment of benefits from that account," directly conflicts with the bankruptcy court order's broad language providing that the sale was free and clear of all claims and that the purchaser would not have any type of successor liability.

¶ 18 Under similar circumstances involving free and clear asset sales under 11 U.S.C. § 363(f), a majority of courts addressing the issue has concluded that state agencies cannot use state successor liability statutes to impose the debtor's unemployment insurance experience rating on the asset purchaser. *See PBBPC II,* 484 B.R. at 869–70 (concluding that "any interest" language of 11 U.S.C. § 363 (f) is sufficiently elastic to include the debtor's experience rating and thereby pre-

clude successor liability as to that rating); *In re USA United Fleet Inc.,* 496 B.R. 79, 89 (Bankr.E.D.N.Y.2013) (interest held by state labor agency to transfer debtors' unemployment experience rating to asset purchaser was subject to free and clear provisions of 11 U.S.C. § 363(f)); *In re Tougher Indus., Inc.,* 2013 WL 1276501, at *6–8 (Bankr.N.D.N.Y. Nos. 06–12960 & 07–10022, Mar. 27, 2013) (memorandum decision) (sale of debtors' assets was free and clear of debtors' experience ratings because those ratings were an interest in property); *but see In re Wolverine Radio Co.,* 930 F.2d 1132, 1146 (6th Cir.1991) (debtor's experience rating was not an "interest" within meaning of 11 U.S.C. § 363(f), and therefore debtor's rating survived sale).

¶ 19 We conclude that the Panel's order holding that employer is a successor entity to debtor under section 8–76–104(*l*)(a) conflicts with, and is therefore preempted by, the bankruptcy court's prior order issued pursuant to 11 U.S.C. § 363(f). Consequently the Panel's order cannot stand. *See PBBPC I,* 467 B.R. at 10; *In re P.K.R. Convalescent Ctrs., Inc.,* 189 B.R. at 94; *MPI Acquisition, LLC,* 14 So.3d at 130; *cf. Bee–Gee, Inc.,* 690 P.2d at 132–33 (state agency's claim against successor corporation for bankruptcy debtor's unpaid unemployment insurance contributions was not preempted where bankruptcy court order provided that sale was free and clear of only "liens" and did not contain broader language covering statutory claims such as asserted by agency).

¶ 20 Given our conclusion, we need not address employer's alternative contentions that the Panel's order should be set aside based on principles of comity or issue preclusion. We also do not address whether the Department may be able to obtain relief in the bankruptcy court based on any alleged lack of notice of debtor's bankruptcy filing.

¶ 21 The Panel's order concluding that employer is a successor entity under section 8–76–104(1)(a) is set aside.

JUDGE ROMÁN and JUDGE J. JONES concur.