The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 20, 2018

## 2018COA145

**No. 17CA2147 Dos Almas LLC v. ICAO — Taxation — Unemployment; Labor and Industry — Colorado Employment Security Act — Premiums and Coverage — Transfer of Experience and Assignment of Rates**

In this unemployment tax case, a division of the court of appeals interprets and applies certain statutory provisions for determining whether an employer that acquires "substantially all of the assets" of another employer becomes a "successor" employer to the predecessor for unemployment tax rate liability purposes. If the statutory criteria in section 8-76-104(1)(a), C.R.S. 2017, are satisfied, the acquiring employer "succeeds" to the predecessor's unemployment experience rating record and account for the purpose of determining the unemployment tax rate for the successor.

Affirming the Panel's decision, the division holds that Dos Almas's asset acquisition satisfied these statutory criteria. First, the

division holds that the finding that Dos Almas acquired 90% of the physical and intangible assets of the predecessor supports the conclusion that it acquired "substantially all" of the predecessor's "assets."  The division further holds that employee retention is irrelevant to the successor issues under the applicable "substantially all of the assets" provisions of section 8-76-104(1)(a), although such retention is relevant under other statutory criteria, not at issue in this case, which provide alternative ways of becoming a successor employer.

Finally, the division rejects Dos Almas's due process challenges as unpreserved and inadequately developed.

Court of Appeals No. 17CA2147
Industrial Claim Appeals Office of the State of Colorado
DD No. 16040-2017

Dos Almas LLC,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Division of
Unemployment Insurance Employer Audits,

Respondents.

ORDER AFFIRMED

Division IV
Opinion by CHIEF JUDGE LOEB
Hawthorne and Berger, JJ., concur

Announced September 20, 2018

John F. K. Sabal, Authorized Representative, Palisade, Colorado, of Petitioner

Cynthia H. Coffman, Attorney General, Evan P. Brennan, Assistant Attorney
General, Denver, Colorado, for Respondent Industrial Claim Appeals Office

No Appearance for Respondent Division of Unemployment Insurance Employer
Audits

¶ 1     Petitioner, Dos Almas LLC, seeks review of a final order of the Industrial Claim Appeals Office (Panel).  Reversing a hearing officer's decision, the Panel ruled that, for unemployment compensation tax rate liability purposes, Dos Almas is a "successor" employer to WooPig LLC under the statutory criteria in section 8-76-104(1)(a), C.R.S. 2017.  We affirm the Panel's order.

## I.  Background

¶ 2     The relevant facts are not in dispute.  Dos Almas began operating a restaurant in Palisade after it acquired nearly all of the assets of WooPig, which previously operated a different restaurant at the same location.  After this acquisition, Dos Almas submitted a form to the Department of Labor and Employment (Department), along with a copy of the asset purchase agreement, applying for an unemployment compensation insurance account and a determination of employer liability.

¶ 3     Based on these documents, a deputy issued the requested liability determination in August 2016.  In this decision, the deputy ruled that Dos Almas was a successor employer to

1

WooPig for unemployment compensation tax rate liability purposes because it met the requirements of section 8-76-104(1)(a) due to this acquisition.

¶ 4      In May 2017, Dos Almas appealed the deputy's decision, more than eight months after the applicable twenty-day time limit. *See* § 8-74-106(1)(a), C.R.S. 2017. Nevertheless, in July 2017, a hearing officer ruled that good cause was shown under the applicable regulatory criteria for permitting this untimely appeal. *See* Dep't of Labor & Emp't Reg. 12.1.8, 7 Code Colo. Regs. 1101-2; *see also* § 8-74-106(1)(b).

¶ 5      Consequently, an evidentiary hearing was held on this appeal before another hearing officer. At this hearing, the asset purchase agreement and the application by Dos Almas were admitted into evidence, and testimony was provided by the deputy and by one of the owners of Dos Almas.

¶ 6      After this hearing, the hearing officer found, consistent with the owner's testimony, that Dos Almas had purchased approximately 90% of WooPig's physical and intangible assets. The hearing officer also made detailed factual findings concerning specific physical and intangible assets that Dos

2

Almas had acquired, consistent with the asset purchase agreement. The hearing officer further found that Dos Almas did not retain WooPig's employees, and that, although it hired one of those employees, that employee was not transferred to Dos Almas as part of the asset sale.

¶ 7     Based on these factual findings, the hearing officer ruled that Dos Almas was not a successor to WooPig under the statutory criteria. Although the hearing officer acknowledged that Dos Almas acquired "substantially all" of the physical and intangible assets of WooPig, the hearing officer ruled that Dos Almas did not acquire substantially all of the "total" assets of WooPig because it did not retain the employees as part of the asset sale.

¶ 8     The Division of Unemployment Insurance (Division) appealed the hearing officer's decision to the Panel.

¶ 9     On review, the Panel reversed the hearing officer's decision. The Panel upheld the hearing officer's factual findings, but it reached a different conclusion based on those factual findings. In particular, based on the finding that Dos Almas had acquired 90% of WooPig's physical and intangible assets, the Panel ruled

that Dos Almas had acquired "substantially all" of WooPig's "assets" and thereby met the statutory criteria in section 8-76-104(1)(a) to be WooPig's successor for unemployment compensation tax rate liability purposes. The Panel further ruled that the findings concerning WooPig's employees were irrelevant under the applicable criteria in section 8-76-104(1)(a) because employees are not "assets" under those statutory provisions.

¶ 10    This appeal by Dos Almas followed.

## II. Discussion

¶ 11    Dos Almas contends that the Panel erred in ruling that it is a successor to WooPig for unemployment compensation tax rate liability purposes under the circumstances here. We disagree.

## A. Good Cause Issues

¶ 12    We first reject the argument raised in the Panel's answer brief that Dos Almas's untimely appeal from the deputy's decision requires dismissal of this appeal for lack of subject matter jurisdiction. This argument is based on the faulty premise that the initial hearing officer could not permit that untimely appeal for good cause shown.

¶ 13    As noted in the July 2017 hearing officer's decision, Dos Almas's appeal from the deputy's decision was filed in May 2017, 262 days late.  Also, as the Panel's answer brief points out, under *current* law, the Department's regulations provide that an untimely appeal from a deputy's decision shall be dismissed and the deputy's decision shall become final if the untimely appeal is received more than 180 days beyond the expiration of the timely filing period.  *See* Dep't of Labor & Emp't Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2 (effective Dec. 30, 2017).  However, the Panel's reliance on these provisions is misplaced because they were not in effect at the relevant times.

¶ 14    To the contrary, the regulatory provisions concerning an absolute 180-day time limit for a late appeal from a deputy's decision were first adopted on August 14, 2017, and were effective on September 5, 2017.  Dep't of Labor & Emp't Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2 (expired Dec. 12, 2017).  There was no outside time limit for a late appeal from a deputy's decision under the regulations in effect when Dos Almas filed its untimely appeal in May 2017 or when the first hearing officer made her good cause determination in July 2017.  Moreover, the

Division did not challenge this good cause determination in the administrative proceedings that followed before the second hearing officer and the Panel.

¶ 15    Under these circumstances, the propriety of the first hearing officer's good cause determination is not properly before us, and there is no jurisdictional defect requiring the dismissal of this appeal.

B.  Successor Issues Under Applicable Statutory Criteria

¶ 16    Next, we reject Dos Almas's argument that it is not a successor employer to WooPig for unemployment tax rate liability purposes under the applicable statutory criteria in section 8-76-104(1)(a).

¶ 17    Section 8-76-104(1)(a) provides, in pertinent part, that an employing unit "that becomes an employer because it acquires all of the organization, trade, or business or substantially all of the assets of one or more employers" subject to the Colorado Employment Security Act (CESA) "shall succeed to the entire experience rating record of the predecessor employer," and the predecessor employer's account "shall pass to the successor for

6

the purpose of determining" the successor's unemployment compensation tax rate.

¶ 18    At issue in this appeal is whether Dos Almas acquired "substantially all of the assets" of WooPig as required under these provisions so as to become a successor employer to WooPig for purposes of determining Dos Almas's unemployment compensation tax rate.  Like the Panel, we conclude that Dos Almas's asset acquisition satisfied these statutory requirements.

¶ 19    The second hearing officer found from the evidence presented that Dos Almas had purchased approximately 90% of WooPig's physical and intangible assets, including extensive equipment for the operation of the restaurant business and all marketing and internet-related intangibles.  Because these factual findings are supported by substantial evidence in the record, we must accept them on appeal.  *See* § 8-74-107(4), C.R.S. 2017; *Yotes, Inc. v. Indus. Claim Appeals Office*, 2013 COA 124, ¶ 10.

¶ 20    Notwithstanding Dos Almas's arguments concerning the assets it did not acquire, the hearing officer's findings concerning Dos Almas's acquisition of 90% of WooPig's physical and

intangible assets support the conclusion that Dos Almas acquired "substantially all" of WooPig's assets, as required under the applicable statutory criteria. We also note that the changes Dos Almas made in operating and marketing the restaurant business after this transaction do not alter the fact that Dos Almas first acquired "substantially all" of WooPig's assets, which is all that was necessary to satisfy the applicable statutory criteria. Consequently, we agree with the Panel that the hearing officer's established factual findings support the conclusion that Dos Almas is a successor employer to WooPig for unemployment compensation tax rate liability purposes under the applicable statutory criteria in section 8-76-104(1)(a). *See* § 8-74-107(6).

¶ 21 Contrary to Dos Almas's further argument, we also agree with the Panel that the lack of employee retention in the asset purchase transaction is irrelevant to the successor issues in this case.

¶ 22 In this regard, we note that employee retention is a factor under other statutory provisions in CESA that govern alternative ways in which an entity can become a successor employer for unemployment compensation tax rate liability purposes. In

particular, an entity can also become a successor employer under separate criteria in section 8-76-104(1)(a) by acquiring "all of the organization, trade, or business" of a predecessor employer, and section 8-76-104(11)(c) defines "trade" or "business" as including "an employer's work force." Employee retention can also provide an alternative way in which an entity can become a successor employer under the provisions of section 8-76-104(9).

¶ 23     Nevertheless, Dos Almas was not determined to be a successor employer under those statutory provisions, but instead under the statutory criteria in section 8-76-104(1)(a) concerning acquisition of "substantially all of the assets" of a predecessor employer. Under these statutory provisions, employee retention, or lack of employee retention, is irrelevant to the successor issues because a predecessor's employees are simply not "assets" under the plain meaning of that statutory term. *See* § 8-74-107(6).

¶ 24     Dos Almas also contends that the statutory requirements in section 8-76-104(1)(a) were not satisfied because it asserts that it

9

did not become an employer simply "because" of its acquisition of WooPig's assets. This argument is also unpersuasive.

¶ 25 As noted by Dos Almas, the statutory language in section 8-76-104(1)(a) refers to an entity becoming an employer "because" it acquires either "all of the organization, trade, or business" of a predecessor or "substantially all of the assets" of a predecessor. Contrary to Dos Almas's argument, however, this condition was also satisfied in this case.

¶ 26 Here, the record shows that, in its initial application to the Department, Dos Almas checked a box on the form indicating that it was completing this application "as a result of a business acquisition." The owner completing this application certified, under penalty of perjury, that this information was true, accurate, and complete to the best of his knowledge. Moreover, Dos Almas admits in its opening brief that its acquisition of WooPig's assets was "part of" its process of becoming an employer.

¶ 27 Because Dos Almas has acknowledged the causal link between its acquisition of WooPig's assets and becoming an employer, we conclude that it became an employer "because" of

10

its asset acquisition within the meaning of this statutory term in section 8-76-104(1)(a).

¶ 28    In essence, Dos Almas contends that the statutory term "because" should be read as "only because," and that this condition was not satisfied because there were also other steps in the process of becoming an employer.  We perceive no basis for this interpretation in the statutory language, and we will not read a limitation into the provisions of section 8-76-104(1)(a) that is not supported by the statutory language used.  *See Tesmer v. Colo. High Sch. Activities Ass'n*, 140 P.3d 249, 253 (Colo. App. 2006) (holding, in a different context, that the statutory phrase "because of" required only a showing of "but for" causation, without any requirement to show a "sole" cause); *see also Indus. Claim Appeals Office v. Colo. Dep't of Labor & Emp't*, 2013 CO 52, ¶¶ 8-15 (in interpreting other CESA provisions, court declined to read limitation into statute that did not contain limiting language).

¶ 29    In short, based on the established factual findings and the applicable provisions of section 8-76-104(1)(a), the Panel properly ruled that Dos Almas became a successor employer to WooPig for

unemployment compensation tax rate liability purposes due to its acquisition of "substantially all" of WooPig's assets.

## C. Due Process Issues

¶ 30     We also reject Dos Almas's arguments that its due process rights were somehow violated by the determination that it is a successor employer for unemployment compensation tax rate liability purposes. As noted in the Panel's answer brief, the nature and the contours of Dos Almas's due process arguments are unclear, but these arguments are unpersuasive in any event.

¶ 31     First, to the extent that Dos Almas is raising as-applied due process challenges to the successor liability determination under the pertinent statutory criteria, such challenges have not been preserved for our review. Because Dos Almas did not raise such challenges in the administrative proceedings before the second hearing officer and the Panel, we decline to address them on appeal. *See* § 8-74-107(1); *Goodwill Indus. of Colo. Springs v. Indus. Claim Appeals Office*, 862 P.2d 1042, 1045 (Colo. App. 1993); *see also Magin v. Div. of Emp't*, 899 P.2d 369, 371 (Colo. App. 1995).

¶ 32    Next, to the extent that Dos Almas is raising facial challenges to the constitutionality of the pertinent statutory criteria in section 8-76-104(1)(a), we also decline to address any such challenges because Dos Almas has not cited any supporting legal authority and has not adequately developed any such arguments. *See People v. Hicks*, 262 P.3d 916, 920 (Colo. App. 2011) (declining to address due process argument asserted on appeal without reference to any supporting legal authority); *see also Biel v. Alcott*, 876 P.2d 60, 64 (Colo. App. 1993) (stating that an appealing party has the burden to provide supporting authority for arguments on appeal and that a failure to do so will result in affirmation).

¶ 33    Finally, it appears that Dos Almas essentially contends that application of the statutory criteria in section 8-76-104(1)(a) in determining the successor liability issues is "unfair" because it asserts that additional or different criteria should be considered. In this regard, we note that arguments concerning possible inequities arising from the application of the limited existing statutory criteria should be directed to the General Assembly rather than to this court. *See Manpower, Inc. v. Indus. Comm'n,*

13

677 P.2d 346, 347 (Colo. App. 1983) (changes to statutory criteria for unemployment compensation successor liability are for General Assembly, not the courts); *see also Lewis v. Colo. Dep't of Labor & Emp't,* 924 P.2d 1183, 1185-86 (Colo. App. 1996) (changes to other CESA provisions to address possible inequities are for legislative branch, not the courts).

### III. Conclusion

¶ 34    The Panel's order is affirmed.

JUDGE HAWTHORNE and JUDGE BERGER concur.